FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JAN 5 2011

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :

v. : Criminal Case No. RWT 09-0213

ANDREW HAMILTON WILLIAMS, JR. :

## MEMORANDUM OPINION AND ORDER OF DETENTION (18 U.S.C. § 3142)

On April 22, 2009, the Grand Jury returned a nineteen-count Indictment [ECF No. 1] against four individuals on a variety of serious charges including conspiracy, wire fraud, and conspiracy to commit money laundering. The Defendant, Andrew Hamilton Williams, Jr., was named as a Defendant in seventeen of the nineteen counts. The initial appearance, arraignment and entry of a plea of not guilty to all counts by the Defendant Williams took place on May 4, 2009. On that date, an Order setting conditions of release was entered by Magistrate Judge Jillyn K. Schulze [ECF No. 21]. Prior to the arraignment of the Defendant Williams, this Court entered a Memorandum Order directing that all pretrial motions be filed on or before May 21, 2009 [ECF No. 22]. On May 29, 2009, the Court entered an Order extending the time for the filing of pretrial motions to July 27, 2009 [ECF No. 42].

On November 30, 2009, the Court held a hearing on all pending pretrial motions, and on December 1, 2009, entered an Order embodying the decisions made with respect to those motions [ECF No. 93].

On July 8, 2010, the court-appointed attorneys for the Defendant Williams filed a Motion to Withdraw as Counsel of Record [ECF No. 116], and on July 15, 2010, the Court conducted a hearing with respect to the motion and entered a Memorandum Opinion and Order on

July 16, 2010 [ECF No. 121] granting the motion and approving the Defendant Williams' waiver of the assistance of counsel.

On July 29, 2010, the Court entered an Order directing that the parties file any motions for leave to file additional motions, with the proposed additional motions attached, on or before August 3, 2010 [ECF No. 134].

On October 5, 2010, the Clerk's Office docketed a second instance in which official court mail related to the case sent to the Defendant Williams had been returned as undeliverable, and on the same date the Government requested that the Court conduct a bail review hearing "to determine whether Mr. Williams poses a risk of flight." [ECF No. 150]. In the same time frame, the Defendant Williams began to submit directly to the undersigned numerous, largely incomprehensible and nonsensical pleadings which the Court treated as a challenge to the jurisdiction of the Court on the basis of the "flesh and blood defense."[1] On October 29, 2010, the Court entered an Order treating the documents filed by the Defendant Williams as a motion to dismiss for lack of jurisdiction, and directed that it be denied [ECF No. 157]. The same Order of the Court directed the Defendant Williams to submit all future submissions to the Clerk of the Court and not directly to the undersigned.

On November 9 and November 15, 2010, the Court conducted further proceedings to review, *inter alia*, the Defendant's pretrial release status. On November 15, 2010, the Court entered a modified Order setting conditions of release [ECF No. 169] and directed that he maintain residence at a halfway house or community corrections center as the pretrial services office or supervising officer considers necessary.

---

[1] *See United States v. Mitchell*, 405 F. Supp. 2d 602 (D. Md. 2005); *see also Rice v. Maryland*, Civil Action No. RWT 09-1947, 2010 WL 2773575 (D. Md. July 13, 2010); *United States v. Jenkins*, 311 F. App'x 655 (D. Md. 2009).

On November 22, 2010, the Court conducted a further status hearing with respect to numerous matters, including the efficacy of the modified conditions of release imposed as to the Defendant Williams. At that status conference, the Defendant Williams was specifically directed to provide to the Government any comments on, and any objections to, the Government's proposed voir dire questions, together with any proposed questions, on or before December 1, 2010 at 3:00 p.m., and the Government was directed to provide the Court with a consolidated set of proposed voir dire questions on or before December 3, 2010 at 5:00 p.m. [ECF No. 176]. Similar directives were given with respect to the preparation of jury instructions and the verdict form. Notwithstanding the Court's specific directive, the Defendant Williams did not provide to the Government his proposed voir dire questions and any objections to the Government's proposed voir dire questions until after the imposed deadline of December 1, 2010 [ECF Nos. 179, 180].

On December 8, 2010, the Court entered an Order [ECF No. 183] directing that numerous additional papers submitted directly to the undersigned, rather than to the Clerk of the Court as directed, be filed, that Defendant Williams' Motion to Modify Conditions of Release be denied, and that his further Motion to Dismiss for Lack of Jurisdiction also be denied. In that same Order, the Court again directed the Defendant Williams to submit all future submissions to the Clerk of the Court and not directly to the undersigned.

On December 14, 2010, the Court entered a further Order noting that the Defendant Williams had been warned on two separate occasions that future submissions are to be submitted to the Clerk of the Court and not directly to the undersigned and, notwithstanding these directives as well as the long ago expired deadline for the submission of pretrial motions, he had submitted eleven additional pretrial motions directly to the undersigned. The Clerk was directed

to docket each of them as a pretrial motion, and the Defendant Williams was again directed to submit all future submissions to the Clerk of the Court and not directly to the undersigned. [ECF No. 193]. Undeterred by this Court's Orders with respect to the timing of motions and the place where they are to be filed, the Defendant Williams has continued to flood this Court with numerous motions and other papers, the latest of which were docketed on January 3, 2011. [ECF Nos. 232-239].

While the Defendant is permitted to represent himself, he is not permitted either to obstruct justice or to defy the authority and orders of this Court. Although he has been repeatedly warned that his assertion of the "flesh and blood" defense has been treated as a motion to dismiss for lack of jurisdiction, and denied, he persists in filing still more nonsensical pleadings consistent with adherence to that defense and expressly challenging the authority of the Court.

For example, the Defendant Williams repeatedly asserts his belief that this Court is not an Article III Court and therefore does not have jurisdiction over him as a "Sovereign American" *See e.g.*, ECF No. 238. The Defendant Williams also accuses the undersigned of operating a "Colorable Defacto Court" and "Order[s] this Court to uphold [his] Constitutional Right and Dismiss" [ECF No. 233 at p. 2]. Alternately, the Defendant Williams moves that an Administrative Law Judge be appointed to this case. *Id.*

In a separate filing, the Defendant Williams accuses the Court, among others, of "repeatedly conspiring to 'Obstruct Justice'", as well as "Constructive Fraud, Rico and other Governmental Criminal Violations" ECF No. 198.

In Defendant Williams' "Motion to Depose Hon. Roger w. Titus . . .", the Defendant acknowledges the Court's order that he may not present the "flesh and blood" defense to the

jury, yet expresses the belief that he has the constitutional right to do so and that "there are other factors behind the Courts [sic] decision" [ECF No. 199]. The Defendant moves to depose the undersigned, among others, "to find out the real reason behind this unconstitutional ruling." *Id.*

In yet another filing, the Defendant Williams provides "Notice" to the Court that "[a]ll 'Orders' from this Court to [him] are subject to his 'Fee Schedule'", and that "the Court should expect a bill soon" for the Order modifying his conditions of release [ECF No. 226]. The Defendant notes, "Court, your prompt payment will be expected." *Id.*

In short, Defendant Williams has repeatedly demonstrated an utter lack of respect for this Court and challenged its authority. In addition to his duplicitous, nonsensical filings, the Defendant has consistently ignored almost every directive of this Court, including failing to abide by clearly specified deadlines, continuing to send filings directly to the undersigned despite repeated admonishments to submit all future filings with the Clerk of Court, and insisting that he be referred to as "Buddy."

Under the provisions of 18 U.S.C. § 3142(f)(2), the Court is authorized, on its own motion, to hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) reasonably assure the appearance of the defendant as required, and may order him detained, if there is "a serious risk that such person will flee" or "a serious risk that the person will obstruct or attempt to obstruct justice." The Court's decision in a detention hearing is guided by the factors set forth in 18 U.S.C. § 3142(g). These factors are (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person" including, among other factors, family ties, employment, financial resources, past conduct, criminal history, and whether the person was

on release pending trial; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

The Court expressed its concern that Defendant Williams presented a serious flight risk and that there was a serious risk that the Defendant would continue to obstruct or attempt to obstruct justice in open court on January 5, 2011 and gave the Defendant Williams an opportunity to respond. Defendant Williams continues to be defiant and contemptuous in his responses to the directives of the Court, has shown no hesitation in filing numerous pleadings long after the deadline for the filing of such pleadings, and has embraced a full-throated "flesh and blood" defense.[2]

The Court concludes, after consideration of the relevant factors set forth in 18 U.S.C. § 3142(g) and for reasons stated above and on the record, that there is a serious risk that the Defendant will not appear for either trial or for sentencing, and that he will continue to attempt to obstruct justice. Indeed, the Defendant's indifference to this Court's orders and directives has risen to such a level that the Court has found it necessary to sever him for a separate trial in order to avoid prejudice to the Co-Defendants resulting from his behavior. Accordingly, the Court finds, by a preponderance of the evidence, that there is a serious risk that the Defendant will not appear for trial and/or sentencing, that he has attempted, and will continue to attempt, to obstruct justice, and that no combination of conditions will reasonably assure the Defendant's presence at

---

[2] The Court notes that the documents filed by the Defendant Williams are highly reminiscent of those filed by the Defendant Harry J. Williams in *United States of America v. Williams*, Case No. 10-102-DKC. In that case, the Defendant Harry Williams, represented himself at trial and asserted essentially the same flesh and blood arguments as asserted by the Defendant Williams in this case, repeatedly challenging the authority of the Court. After he was convicted, he failed to appear for sentencing and instead caused a notification to be sent to the United States Attorney's Office of the "abatement" of his sentencing hearing[ECF No. 133 in Case No. 10-102-DKC].

future court proceedings.[3] Accordingly, the Defendant Williams is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with his standby defense counsel appointed by this Court. On order of a court of the United States or on request of an attorney for the Government, the U.S. Marshal shall deliver the Defendant Williams for the purpose of an appearance in connection with a court proceeding.

January 5, 2011
Date

_____
Roger W. Titus
United States District Judge

---

[3] *See United States v. Stewart*, 19 Fed Appx. 46, 48, 2001 WL 1020779 (4th Cir. 2001) ("With regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings.")